UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SPERANEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:12-CV-578-JAR |
| | ) | |
| ZEUS TECHNOLOGY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike the Affirmative Defenses of Defendant Zeus Technology, Inc. [ECF No. 25]. The Motion has been fully briefed and is ready for disposition.

**Background**

On February 3, 2012, Plaintiff John Speraneo ("Speraneo") filed the instant action in the Circuit Court of St. Louis County, Missouri, asserting claims against Defendants for age discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. §213.010, et seq., as well as claims for unpaid commissions under the Missouri Commission Sales Act and unjust enrichment. Defendants removed the action to this Court on March 29, 2012 [ECF No. 1]. On April 23, 2012, Defendant Zeus Technology, Inc. ("Zeus") filed its First Amended Answer to Speraneo's original petition, alleging the following six affirmative defenses:

(1) all employment actions taken with respect to Speraneo have been, and are based on, legitimate, non-discriminatory, business reasons;

(2) Speraneo has failed to state a claim upon which relief may be granted;

(3) Speraneo has failed to take necessary, reasonable and/or appropriate steps to mitigate

his damages, if any;

(4) Speraneo's claims are barred in whole or in part by applicable statutes of limitation and/or for failure to timely exhaust mandatory preconditions to filing suit;

(5) Zeus takes reasonable care to prevent and correct promptly any harassing behavior and Speraneo unreasonably failed to take advantage of any preventative or corrective opportunities provided by Zeus or to avoid harm otherwise; and,

(6) Speraneo has waived or is estopped from seeking compensation from Zeus pursuant to a claim for unjust enrichment.

(First Amended Answer, ECF No. 15).

**Discussion**

Federal Rule of Civil Procedure 12(f) provides that, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy broad discretion in determining whether to strike a party's pleadings, motions to strike are "viewed with disfavor and are infrequently granted." Morgan v. Midwest Neurosurgeons, LLC, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011) (citing Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). District courts have harshly criticized motions to strike, stating, "[i]ndeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment." Id. (citing Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill 1991)). See also Bank of Beaver City v. Southwest Feeders, L.L.C., 2011 WL 4632887 (D. Neb. Oct. 4, 2011).

In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader. Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106, at *2 (E.D.Mo. July 21, 2008) (citation omitted). A motion to strike an affirmative defense should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id.(citing Federal Deposit Ins. Corp. v. Coble, 720 F.Supp. 748, 750 (E.D.Mo.1989)). A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Id.

Here, it cannot be said that Zeus' affirmative defenses could not succeed under any circumstances, nor is it appropriate to label Zeus' defenses as immaterial or non-essential to the claim for relief. Further, Speraneo has failed to establish that inclusion of the affirmative defenses would prejudice or confuse the issues. Thus, the motion to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Affirmative Defenses of Defendant Zeus Technology, Inc. [ECF No. 25] is **DENIED**.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2012